**John SABOURI, Petitioner,**

v.

**Stewart M. HUNTER, District Judge, Oklahoma County, State of Oklahoma, Respondent.**

No. 53521.

Supreme Court of Oklahoma.

June 26, 1979.

Herman D. Brandon, Oklahoma City, for petitioner.

James W. Bill Berry, Tom G. Parrott, Clarke L. Randall, Oklahoma City, for respondent.

BARNES, Justice:

Petitioner, John Sabouri, petitions this Court, asking us to assume original jurisdiction and issue a Writ of Prohibition, prohibiting the Respondent Trial Judge, The Honorable Stewart M. Hunter, from further staying Mr. Sabouri's taking of testimonial evidence from officers and employees of the plaintiffs in a cause of action filed in the district court, LSB Industries, Inc., a Delaware corporation, and Summit Machine Tool Manufacturing Corp., an Oklahoma corporation, d/b/a Hart Industrial Supply Co., and d/b/a Machinery Sales and Supply Co.

These corporate plaintiffs brought a conversion action against Mr. Sabouri, alleging that while an officer and agent of said corporate companies he converted almost $900,000.00 from them. Shortly after filing their petition, the plaintiffs below took numerous depositions, including that of Mr. Sabouri. However, Mr. Sabouri continually refused to answer any questions involving the allegations in the petition, by virtue of his Fifth Amendment right against self-incrimination.

Displeased with Mr. Sabouri's refusal to testify, the plaintiffs filed a motion to stay all testimonial discovery procedures by Mr. Sabouri as to all officers and employees of the plaintiff corporate entities. This motion was sustained, and it is this motion, coupled with the circumstances which now exist, which gives rise to the controversy before us. At present, Mr. Sabouri is a criminal defendant in an embezzlement action based upon his alleged embezzlement of some $2,000.00 from plaintiffs. In addition to this present action, there is, of course, the possibility of additional embezzlement actions and additional action on behalf of the Securities Exchange Commission, the Justice Department, and the Internal Revenue Service. The stay issued by the trial court is for a period of forty-five days and anticipates an extension of that time. Unfortunately for Mr. Sabouri, during the effective period of the stay, the trial court has set, for final determination, a prejudgment attachment motion filed by the plaintiffs.

Mr. Sabouri's position is that the trial court, in refusing to allow him to depose the parties necessary to defend against a prejudgment attachment, has deprived him of the guarantees against self-incrimination afforded him by both the Fifth and Fourteenth Amendment to the United States Constitution, as the stay against his proceeding with discovery is based upon his exercising his right against self-incrimination. Although the trial court may merely have been seeking to balance the equities— that is, see that discovery was not one-sided, Mr. Sabouri argues that the effect of the trial court's action is to make the exercise of his Fifth and Fourteenth Amendment right costly, since he is put in a position which requires his taking of depositions in order to protect his property, but may not proceed with the taking of those depositions because of this exercise of the right against self-incrimination. He is thus forced to choose, he concludes, between incriminating himself and saving his property.

We would agree with Petitioner that the trial court's action has made his exercise of the privileges guaranteed by both the Fifth

and Fourteenth Amendment costly. Accordingly, we must hold that the trial court's action is repugnant to the Constitution and an exercise of excessive power which justifies the issuance of a Writ of Prohibition.

In *Malloy v. Hogan*,[1] the Supreme Court of the United States stated:

"The Fourteenth Amendment secures against state invasion the same privilege that the Fifth Amendment guarantees against federal infringement—the right of a person to remain silent unless he chooses to speak in the unfettered exercise of his own will, and to suffer no penalty . . . for such silence. 378 U.S., at 8, 84 S.Ct., at 1493–94, 12 L.Ed.2d, at 659."

In *Spevack v. Klein*,[2] Mr. Justice Douglas, in a majority opinion, stated:

"In this context 'penalty' is not restricted to fine or imprisonment. It means, as we said in *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, the imposition of any sanction which makes assertion of the Fifth Amendment privilege 'costly'. Id, at 614, 85 S.Ct. at 1233, 14 L.Ed.2d at 109. We held in that case that the Fifth Amendment, operating through the Fourteenth, 'forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt.' Id, at 615, 85 S.Ct. at 1233, 14 L.Ed.2d at 110. What we said in *Malloy* and *Griffin* is in the tradition of the broad protection given the privilege at least since *Boyd v. United States*, 116 U.S. 616, 634–635, 6 S.Ct. 524, 29 L.Ed. 746, 752, . . ."

In the case at hand, Mr. Sabouri is indeed being penalized for the exercise of his constitutional privilege. Because he chooses to remain silent, the trial court has prohibited him from obtaining information needed to protect his property from a prejudgment attachment. Thus, the price the Petitioner must pay for choosing to remain silent is the risk of losing his worldly possessions. To say such does not make the exercise of his right against self-incrimination costly would be a mockery.

The trial court's action in staying the taking of depositions by Mr. Sabouri, under the facts before us, has a chilling effect, to say the least, upon Mr. Sabouri's constitutional rights. Accordingly, we issue a Writ of Prohibition, prohibiting the trial court from further staying Mr. Sabouri's taking of testimonial evidence. In so ruling, we would instruct the trial court to allow Mr. Sabouri ample time to conduct discovery, prior to an adjudication of the prejudgment attachment and motion.

ORIGINAL JURISDICTION ASSUMED AND WRIT OF PROHIBITION ISSUED.

LAVENDER, C. J., and WILLIAMS, HODGES and HARGRAVE, JJ., concur.

IRWIN, V. C. J., and SIMMS, DOOLIN and OPALA, JJ., dissent.

---

1. 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964).

2. 385 U.S. 511, 87 S.Ct. 625, 17 L.Ed.2d 574 (1967).